IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| EDWARD E. WILLIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 06-4050-SSA-CV-C-WAK |
| ) | |
| JO ANN B. BARNHART, Commissioner, ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Claimant Edward Willis seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g), of a final administrative decision denying disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1383 *et seq*. He claims he became disabled beginning on October 12, 2002. The parties' briefs were fully submitted, and on October 5, 2006, an oral argument was held.

"Title II of the Social Security Act provides for the payment of insurance benefits to persons who suffer from a physical or mental disability, and Title XVI provides for the payment of disability benefits to indigent persons. The Act further provides that 'an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .' 42 U.S.C. § 423(d)(2)(A) (2003)." Lewis v. Barnhart, 353 F.3d 642, 645 (8th Cir. 2003).

In reviewing the administrative record, the court must sustain the Commissioner's decision if the findings are supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000). The court may not,

---

[1]With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

however, "rubber stamp" the Commissioner's decision, but must examine both the evidence that supports and detracts from the administrative determination.  Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir. 1987); Cline v. Sullivan, 939 F.2d 560, 564 (8th Cir. 1991).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1).  See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995).  To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment."  McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

If the claimant establishes the impairment is sufficiently severe to prevent return to a former occupation, the burden shifts to the Commissioner to produce evidence the claimant can perform other substantial gainful employment.  Buck v. Bowen, 885 F.2d 451, 454 (8th Cir. 1989).  The Commissioner need not find a specific job opening for the claimant, but must demonstrate that substantial gainful activity is realistically within the capabilities of the claimant.  McMillian, 697 F.2d at 221.

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments.  McMillian, 697 F.2d at 221.

Edward Willis was born in 1952 and has an Associate's Degree in liberal arts.  He has work experience as a cook, assistant cook and convenience store manager.  At the time of the hearing and administrative decision, he was working part time at a restaurant, but his work was not found to constitute substantial gainful activity within the meaning of the Social Security Act.  He claims disability due to diabetes, hypertension, asthma and hepatitis C.

The administrative record documents a history of illegal substance abuse, with periods of remission.  Willis suffered from symptoms associated with diabetes, but the record indicates a substantial number of times where he failed to take medications, eat regular meals, check his

blood sugars or otherwise comply with prescribed treatment. At times, he would go for weeks or months without obtaining insulin. He did not always take his medication for hypertension. Claimant explains he sometimes lacked funds to purchase his medication, but physician notes indicate he was given information to obtain needed medications through a medication assistance program and he was sometimes given samples.

Willis was treated by Dr. Andrew Quint between 1999 and the date of the decision. The treatment notes document many of claimant's subjective complaints as well as his failure to comply with the prescribed course of treatment. He was treated for left shoulder pain that was diagnosed as shoulder bursitis with probable rotator cuff tendonitis. Medication was prescribed and follow-up examinations were made for his diabetes and hypertension. Although he had asthma and was advised to quit smoking, he continued to smoke cigarettes.[2] Evaluation of his hepatitis C was postponed on at least one occasion because of substance abuse..

In January 2004, Dr. Quint completed a medical source statement limiting claimant to lifting no more than 5 pounds frequently and 10 pounds occasionally due to left shoulder pain. Quint indicated Willis could sit for 8 hours at a time, could stand and/or walk for a total of 8 hours, but would be unable to stand for more than an hour or walk for more than five to ten minutes continuously because of calf pain and/or dizziness. He indicated certain other limitations due to back pain, dizziness, poor sensation and dexterity in the fingers.

After considering the evidence, including claimant's testimony, the Administrative Law Judge (ALJ) found claimant had produced evidence of diabetes mellitus and hypertension that were severe within the meaning of the Social Security Act. He then determined Willis had the residual functional capacity to do medium exertional level activities and could return to his former work. The ALJ summarized the evidence of record and stated his reasons for discounting Dr. Quint's opinion and finding claimant's subjective complaints to not be entirely credible. Additionally, the ALJ noted claimant indicated he thought he could work part time and had in fact worked several 20 - 35-hour weeks in the month preceding the decision.

Claimant challenges the ALJ's credibility finding, the residual functional capacity finding, and that he could return to his former work.

---

[2]Claimant appears to have somewhat reduced the number of cigarettes smoked daily.

"Where adequately explained and supported, credibility findings are for the ALJ to make." Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000). Subjective complaints of physical and/or mental health problems may be discounted when they are inconsistent with medical reports, daily activities or other such evidence. Dixon v. Barnhart, 353 F.3d 602, 605 (8th Cir. 2003). Nevertheless, the ALJ's decision to discredit such complaints must be supported by substantial evidence based upon the record as a whole. Dixon v. Barnhart, 353 F.3d at 605.

In this case, there is some evidence to support the ALJ's credibility findings. Claimant's financial situation did not adequately explain his treatment noncompliance. The treatment notes imply Willis' hypertensive and diabetic symptoms might be controlled if he was compliant with appropriate treatment. Additionally, Willis demonstrated he was capable of working fairly regular hours on at least a part-time basis as a cook's preparer. These facts suggest claimant's subjective complaints and assertions of disability are not entirely credible.

The ALJ also discounted some of the limitations marked in the medical source statement of the treating physician. While the opinion of a treating physician is normally entitled to deference, the ALJ is not required to defer to such an opinion when it is not internally consistent or it is not supported by acceptable clinical or diagnostic data. Anderson v. Barnhart, 344 F.3d 809, 813 (8th Cir. 2003) (quoting Cantrell v. Apfel, 231 F.3d 1104, 1107 (8th Cir. 2000)).

The medical source statement completed by Dr. Quint substantially restricts claimant's ability to lift because of left shoulder pain. The treatment notes indicate claimant was obtaining some relief from steroid injections at about the same time as the form was completed. The treatment notes and form do not indicate, however, whether claimant's ability to lift would continue to be compromised for a substantial period of time, or whether his shoulder condition would resolve if treated or repaired. Claimant did not list shoulder pain as a basis for his disability and he continued to work part time despite the shoulder pain.

Dr. Quint also indicated claimant had limitations based upon calf pain, back pain, dizziness and poor sensation and dexterity in the hands and fingers. The treatment notes do not substantiate these limitations in the absence of some medical explanation or correlation.

The court's review is limited to a determination of whether there is substantial evidence on the record as a whole to support the Commissioner's decision. Comstock v. Chater, 91 F.3d 1143, 1145 (8th Cir. 1996). Although treatment notes imply some of claimant's symptoms

4

might improve with medical compliance, the form medical source statement does not reflect whether this is factored into Dr. Quint's opinion or whether compliance would alter Dr. Quint's assessment of claimant's limitations.

"Impairments that are controllable or amenable to treatment do not support a finding of disability, and '[f]ailure to follow a prescribed course of remedial treatment without good reason is grounds for denying an application for benefits.'" Kisling v. Chater, 105 F.3d 1255 (8th Cir. 1997).

Further, the claimant, and not the Commissioner, has the burden of proving claimant's residual functional capacity. Anderson v. Shalala, 51 F.3d 777, 779 (8th Cir. 1995). In deciding claimant was capable of returning to his former work and doing medium level exertional work, the ALJ did not believe Willis had met his burden. The ALJ obviously discounted Dr. Quint's lifting restrictions based on shoulder pain and considered claimant's work activity as indicative of nondisabling shoulder pain. The ALJ did not find the shoulder pain to be a severe impairment. Claimant's records do not clearly indicate he was physically unable to engage in certain tasks because of his hypertension and diabetes. Nevertheless, the records clearly show diabetes and hypertension that were not consistently managed and symptoms associated with the conditions. It is not entirely clear what limitations the ALJ credited based upon those two conditions. In his hypothetical to the vocational expert, the ALJ includes mild pain in an unspecified location and an avoidance of heights and moving machinery, presumably because of dizziness.

The court is not convinced, however, that the record as a whole contains substantial evidence to support the decision claimant is capable of performing medium level work and returning to his former occupations. The record is simply not clear what ongoing symptoms claimant has, whether claimant's impairments are controllable or amenable to treatment if Willis is compliant, and whether his shoulder condition is sufficiently severe and long-term. In the absence of clarification from Dr. Quint or the opinion of a medical consultant, the decision is not adequately supported. It may be that claimant is capable of doing medium, light or sedentary work, or is disabled, but for the decision to withstand judicial review, it must be supported by substantial evidence. In this case, there appears to be at least one missing link.

For these reasons and those set forth in more detail in the claimant's brief and at the oral argument, it is

ORDERED that the decision of the Commissioner is reversed and the case is remanded to the Commissioner under Sentence 4, 42 U.S.C. § 405(g), for further consideration and/or development of the record.

Dated this 12th day of October, 2006, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge